UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                    Chapter 13
Patrick T. Brah and                                      Case No. 16-27291-svk
Julie Ann Brah,
          Debtors.

**DECISION AND ORDER SUSTAINING
TRUSTEE'S OBJECTION TO CONFIRMATION**

The issue is whether veterans' disability benefits ("VA Benefits") must be included in a debtor's disposable income for payment to creditors under a Chapter 13 plan. The Debtors filed a Chapter 13 petition on July 20, 2016. The Trustee objected to confirmation under 11 U.S.C. § 1325(b)(1)(B), contending that the Debtors' plan does not dedicate all disposable income to the unsecured creditors. The Debtors argue that their disposable income does not include VA Benefits received by one of the Debtors.

With exceptions not relevant here, disposable income means "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" for the debtor's and any dependent's support. 11 U.S.C. § 1325(b)(2). Section 101(10A) defines current monthly income as the average monthly income from all sources received by the debtor, regardless of whether the income is taxable income. Current monthly income includes "any amount paid by any entity . . . on a regular basis for the household expenses of the debtor or the debtor's dependents" and it excludes benefits received under the Social Security Act, payments to victims of war crimes, and payments to victims of terrorism. *Id.*

The Debtors make two related arguments that their VA Benefits should not be counted when calculating projected disposable income. First, since they claimed the VA Benefits as exempt, the Debtors contend that § 522(c) renders the benefits not liable for debts to unsecured

creditors.  Second, they rely on 38 U.S.C. § 5301(a)(1), which declares that VA Benefits are exempt and provides that the benefits are not "liable to attachment, levy, or seizure by or under any legal or equitable process whatever."  The Debtors conclude that if the VA Benefits are not liable for debts or subject to attachment, the Debtors cannot be required to dedicate the benefits to creditors under their Chapter 13 plan.  The Trustee asserts that exempt property is includable in disposable income, and that the Bankruptcy Code, not the Veterans' Benefits statute, provides the applicable standard for deciding this case.  The parties cite three cases addressing whether VA Benefits count towards the calculation of disposable income; all conclude that they do.  *See In re Hedge*, 394 B.R. 463 (Bankr. S.D. Ind. 2008); *In re Waters*, 384 B.R. 432 (Bankr. N.D. W. Va. 2008); *In re Wyatt*, No. 08-14792-SSM, 2008 Bankr. LEXIS 4980 (Bankr. E.D. Va. Oct. 10, 2008).

In construing §§ 1325(b)(2) and 101(10A) to determine what is included in disposable income, the Court starts with the language of the provisions.  *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989).  If a statute's language is plain, the Court should enforce it according to its terms, unless the literal interpretation of the statute will "produce a result demonstrably at odds with the intentions of its drafters."  *Id.* at 242 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)).

Here, the language is plain.  Current monthly income, the starting point for calculating disposable income, is the debtor's average monthly income from all sources, and it includes amounts paid on a regular basis for the debtor's household expenses.  11 U.S.C. § 101(10A). Under this definition, the VA Benefits are current monthly income.  *See Hedge*, 394 B.R. at 466 (benefits were paid by an entity on a regular basis, presumed to be used for household expenses, and not specifically excluded by the statute); *Waters*, 384 B.R. at 438 (benefits were "income,"

2

as the debtor received a monthly check).  Although the exclusion of Social Security benefits from current monthly income suggests that VA Benefits also should be excluded, the statutory exception applies only to "benefits received under the Social Security Act."  The Social Security Act is codified in Title 42 of the United States Code, while the VA Benefits are governed by the Veterans' Benefits Act in Title 38.  While the programs may have similar purposes, benefits under the Veterans' Benefits Act are not received under the Social Security Act.  Accordingly, under the plain language of the applicable definition, the VA Benefits are not excluded from current monthly income.

Although there were some conflicting opinions, even before enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the majority of courts held that exempt property was not excluded from disposable income.  *In re Schnabel*, 153 B.R. 809, 815 (Bankr. N.D. Ill. 1993); *see Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir. 1997) ("Chapter 13 contains no language suggesting that exempt post-petition revenues are not Chapter 13 'income' . . . ."); *Watters v. McRoberts*, 167 B.R. 146, 147 (S.D. Ill. 1994) ("[S]ince there is no such limitation on income in § 1325(b), one should not be imposed."); *In re Lush*, 213 B.R. 152, 155-56 (Bankr. C.D. Ill. 1997).  After BAPCPA, courts have concluded that there can be no debate:  since current monthly income does not exclude exempt assets and it is the starting point for calculating disposable income, disposable income includes exempt assets.  *See In re Royal*, 397 B.R. 88, 101-02 (Bankr. N.D. Ill. 2008) ("Although both the disposable income definition and the current monthly income definition exclude certain items, exempt income is *not* excluded."); *Waters*, 384 B.R. at 436 ("With the enactment of BAPCPA in 2005, the split of authority over whether or not exempt assets are to be included in the calculation of disposable income has been statutorily answered by Congress.").  Accordingly, the Debtors' exempt VA

Benefits are included in current monthly income and the calculation of projected disposable income.

The Debtors point to 11 U.S.C. § 522(c) to support their position, and cases excluding exempt property from disposable income rely on § 522(c), not § 1325(b)(2) or § 101(10A). *See In re Launza*, 337 B.R. 286, 290-91 (Bankr. N.D. Tex. 2005) (pre-BAPCPA definition of disposable income). Section 522(c) provides that exempt property "is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case." Courts accepting the Debtors' argument reason that:

> The clear language of 11 U.S.C. § 522(c) protects exempt property, regardless of form, from pre-petition debts. This express limitation cannot be ignored for purposes of defining disposable income under 11 U.S.C. § 1325(b)(2). To include exempt property within the parameters of 11 U.S.C. § 1325(b)(2) directly conflicts with § 522(c).

*In re Ferretti*, 203 B.R. 796, 800 (Bankr. S.D. Fla. 1996). However, the Eighth Circuit Court of Appeals persuasively rejected this argument in *Stuart*, reasoning that including exempt income in disposable income does not make it "liable" for the debts owed to unsecured creditors because a debtor's decision to pursue Chapter 13 relief is voluntary. 109 F.3d at 1289. Rather, "[t]he disposable income limitation in § 1325(b) simply defines the terms upon which Congress has made the benefits of Chapter 13 available." *Id.* In Chapter 7, exemptions serve to ensure that a debtor will not be left destitute. By contrast, in Chapter 13, debtors retain exempt and non-exempt assets and repay creditors with the income that is not reasonably necessary for their support. Although the definition of "disposable income" changed with BAPCPA, this general concept did not. Thus, a Chapter 13 debtor's "fresh start is not endangered by a requirement that income received during the life of the plan from otherwise exempt sources be included in the calculation of disposable income." *Id.* Section 522(c) does not compel courts to depart from a

4

plain meaning reading of §§ 101(10A) and 1325(b)(2) that permits inclusion of exempt income in disposable income.

The Debtors' argument that 38 U.S.C. § 5301(a)(1) precludes counting the VA Benefits as disposable income also fails. The Debtors contend that using the Bankruptcy Code to "force" them to commit the VA Benefits to the plan violates the language of 38 U.S.C. § 5301(a)(1). That statute provides that the relevant payments "shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." Since they have claimed the VA Benefits as exempt, "[f]orcing [the Debtors] to commit their V.A. disability benefits to the Plan would be making the benefits liable under a legal process," as bankruptcy is a legal process. (Docket No. 16 at 3.) But the Debtors voluntarily chose to file Chapter 13, and counting their VA Benefits in disposable income does not make the benefits liable for the claims of creditors. *See Stuart*, 109 F.3d at 1289; *see also Waters*, 384 B.R. 432 (recognizing VA disability benefits exempt under 38 U.S.C. § 5301 and including them in disposable income). Voluntarily seeking the relief available under Chapter 13 is different than the involuntary legal procedures enumerated in the Veterans' Benefits statute.

In sum, the Court understands why the Debtors seek the same exclusion for their veterans' disability benefits as afforded to recipients of Social Security disability benefits. But creating this exception is a job for Congress, not the Court. The Debtors' ability to exempt these benefits does not remove the VA Benefits from the Bankruptcy Code definition of current monthly income. And the fact that the benefits are not subject to attachment, garnishment or other legal process does not render the benefits immune from the disposable income calculation

in a voluntary Chapter 13 plan. Accordingly, the Trustee's objection is sustained and the VA Benefits should be included in the Debtors' disposable income.

IT IS THEREFORE ORDERED: the Debtors must file a modified Chapter 13 plan within 30 days of this Decision and Order, or this case is subject to dismissal.

Dated: January 25, 2017

By the Court:

/s/ Susan V. Kelley
Susan V. Kelley
Chief U.S. Bankruptcy Judge

6

Case 16-27291-svk    Doc 18    Filed 01/25/17    Page 6 of 6